08-2362-ag
Cimmino v. Holder

BIA
Hom, IJ
A099 592 213

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand and ten.**

**PRESENT:**
>    **ROBERT D. SACK,**
>    **PETER W. HALL,**
>    **DEBRA ANN LIVINGSTON,**
>        *Circuit Judges.*

_____

**SIMONE CIMMINO,**
>        *Petitioner*,

>    **v.**                                   **08-2362-ag**
>                                                **NAC**

**ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,**[*]
>        *Respondent*.

_____

 **FOR PETITIONER:**          **Andrew P. Johnson, New York, New York.**

_____

   [*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Barry J.
                         Pettinato, Assistant Director; Kristen Giuffreda
                         Chapman, Trial Attorney, Office of Immigration
                         Litigation, United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Simone Cimmino, a native and citizen of Albania, seeks review of an April 15, 2008 order of the BIA, affirming the November 14, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simone Cimmino a.k.a. Kastriot Kola*, No. A099 592 213 (B.I.A. Apr. 15, 2008), *aff'g* No. A099 592 213 (Immig. Ct. N.Y. City Nov. 14, 2006), *amended by In re Simone Cimmino a.k.a. Kastriot Kola*, No. A099 592 213 (B.I.A. Jan. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under 8 U.S.C. § 1252(a)(1), we may review the denial of relief in "asylum-only" proceedings because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006). Under the circumstances of this case, we review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence. In contrast to his amended asylum application and testimony, Cimmino did not claim any politically motivated persecution or harm in his initial asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Although Cimmino claimed that the individual who assisted in preparing his initial application left out the information relating to his claim of politically motivated persecution, the agency reasonably declined to credit that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, there were inconsistencies between Cimmino's amended asylum application and his testimony. For example, while Cimmino testified that he participated in Democratic Party activities in 1998-2000, his asylum application did not mention this fact. Additionally, as

2

the IJ noted, Cimmino's testimony that he was beaten by the police in 2001 was not consistent with his amended asylum application which stated that he was beaten by "some socialists." The IJ was entitled to rely on the cumulative effect of these inconsistencies in finding Cimmino not credible. *See Liang Chen v. U.S. Attorney General*, 454 F.3d 103, 107 (2d Cir. 2006).

Under the REAL ID Act, these findings were sufficient to support the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency's denial of Cimmino's application for asylum, withholding of removal, and CAT relief was not in error because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Because the agency's adverse credibility finding is supported by substantial evidence and thus precludes Cimmino's claims for relief, we decline to address the agency's alternative burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.2.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3